■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MICHAEL ROGERS, Appellant. — Judgment of the County Court, Suffolk County (Mauceri, J.), rendered January 18, 1980, upon resentence, affirmed. No opinion. Lazer, J. P., Gibbons, Gulotta and Bracken, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERTO SANTIAGO and CHRIS LANE, Respondents. — Appeal by the People from so much of an order of the Supreme Court, Kings County (Deeley, J.), dated October 22, 1980, as granted defendants' motion to set aside a jury verdict finding both defendants guilty of burglary in the first degree (two counts), assault in the first degree (two counts), criminal possession of stolen property in the third degree, criminal possession of a weapon in the fourth degree and petit larceny, and ordered a new trial. Order reversed, insofar as appealed from, on the law, motion to set aside the verdict denied, the verdict is reinstated as against both defendants, and the case is remitted to Criminal Term for the imposition of sentences. Defendants' motion to set aside the verdict was essentially brought pursuant to CPL 330.30 (subd 3) on the ground of newly discovered evidence. The burden was therefore upon defendants to prove, by a fair preponderance of the credible evidence (CPL 330.40, subd 2, par [g]): (1) that the new evidence had been discovered since the trial; (2) that it could not have been produced by defendants at the trial even with due diligence; and (3) that it was of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to defendants (see CPL 330.30, subd 3; *People v Salemi,* 309 NY 208, 215-216). Although defendants proved that they had newly discovered evidence incapable of being produced at trial even with due diligence, they failed to prove that the probable effect of this evidence on the verdict would have been more favorable to the defense. The critical evidence presented by defendants in support of the motion to set aside the verdict was the testimony of a third person who was arrested for the instant offenses, but not indicted. The sufficient impeachment of this witness by the People, in conjunction with the overwhelming and independent evidence of defendants' guilt, convinces us that defendants failed to meet their burden of proof on the probable impact of the newly discovered evidence on the verdict (see *People v Bridget,* 73 AD2d 291). Accordingly, the order should be reversed, insofar as appealed from, and the motion to set aside the verdict denied. Mangano, J. P., Gulotta, O'Connor and Bracken, JJ., concur.