■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLYNN JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Sangiorgio, J.), rendered December 5, 1984, convicting him of arson in the first degree and criminal mischief in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review, *inter alia,* the denial, after a hearing, of the defendant's motion to set aside the verdict based on newly discovered evidence.

Judgment affirmed.

The trial court's *Sandoval* ruling was not erroneous *(see, People v Hendrix,* 44 NY2d 658, 659; *People v Duffy,* 36 NY2d 258, 264, *cert denied* 423 US 861; *People v Sandoval,* 34 NY2d 371). Sufficient evidence supported the conviction of the defendant *(see,* Penal Law §§ 150.20, 145.12; *People v Contes,* 60 NY2d 620, 621), since the jury could infer from the testimony that a bottle filled with a volatile flammable oil was lit and thrown by the defendant through the window of the apartment of the sister of the defendant's former girlfriend. The defendant's other contention of trial error lacks merit.

The defendant's motion for a new trial was properly denied. He did not prove by a fair preponderance of the credible evidence that the new evidence could not have been produced at the trial with due diligence and that there was a probability that the verdict would have been more favorable to him in light of the new evidence *(see,* CPL 330.30 [3]; *People v Santiago,* 88 AD2d 665). We agree with the trial court's conclusion that the defendant's evidence could have been discovered with due diligence and that his witnesses did not merit belief. Lazer, J. P., Brown, Weinstein and Niehoff, JJ., concur.