We disagree with the defendant's contention that the prosecutor's remarks in summation deprived him of a fair trial. Although the prosecutor's remarks, which tended to place the burden upon the defendant of coming forward with evidence to explain his actions, were clearly improper *(see, People v Mirenda,* 23 NY2d 439), the proof of guilt was overwhelming, thereby rendering the prejudice to the defendant harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230). Moreover, we note that the trial court's subsequent charge to the jury specifically stated that the burden of proof rested at all times on the prosecution and the defendant was not obliged to prove his innocence. Mollen, P. J., Thompson, Brown and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANATOL KOZLOWSKI, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County, dated May 22, 1985, which, after a hearing, granted the defendant's motion pursuant to CPL 330.30 to set aside a jury verdict finding him guilty of attempted assault in the first degree and reckless driving, and ordered a new trial.

Ordered that the order is affirmed for reasons stated by Justice Pitaro at Criminal Term. Mangano, J. P., Lawrence and Kooper, JJ., concur.

Weinstein, J., dissents and votes to reverse the order appealed from and reinstate the verdict, with the following memorandum: I cannot adhere to the majority's conclusion that Criminal Term acted properly in setting aside the jury verdict convicting the defendant of the crimes of attempted assault in the first degree and reckless driving, on the ground of newly discovered evidence. Such evidence consisted of the postverdict testimony of two independent and apparently disinterested eyewitnesses who were discovered as a result of chance meetings subsequent to the trial. In my view, the evidence proffered failed to meet the requisite criteria to qualify as newly discovered evidence *(see, People v Salemi,* 309 NY 208, 215-216, *cert denied* 350 US 950; *People v Santiago,* 88 AD2d 665; CPL 330.30 [3])* in several important respects.

Upon a hearing to determine a motion to set aside a verdict,

the defendant bears the burden of proving by a preponderance of the credible evidence every fact essential to support the motion (see, CPL 330.40 [2] [g]). The defendant's failure to establish that the subject evidence could not, with due diligence, have been discovered previously, the fact that it was merely cumulative of testimony already adduced at the trial, and the defendant's failure to more convincingly establish the probable impact of the newly discovered evidence on the verdict, when viewed in conjunction with the overwhelming and independent evidence of the defendant's guilt, convince me that the aforesaid burden of proof has not been sustained.

The sole testimony proffered by the defendant at the post-verdict hearing to establish due diligence was the testimony of his father to the effect that he had been searching for potential witnesses for approximately 10 months. Defense counsel made no attempt to have the witness expand upon his assertion by delineating the steps taken to discover additional witnesses. As the People have aptly noted, the defendant inexplicably failed to call to the stand his sister, who allegedly was a passenger in the car at the time of the underlying incident, to corroborate the trial testimony of one Gregory McAndrews, who also was an occupant of the car, that the defendant had not been driving the vehicle at the time in question. The circumstances as outlined do not admit the conclusion that the subject witnesses could not have previously been discovered even had an investigation been conducted with due diligence. A new trial should not be granted absent a sufficient showing of diligence.

Nor has it been satisfactorily established that the newly discovered evidence was of such a character as to create a probability that had it been received at the trial, the resulting verdict would have been more favorable to the defendant. The two purported eyewitnesses served merely to bolster the testimony adduced at the trial to the effect that McAndrews, rather than the defendant, was the operator of the offending vehicle. Where the "new evidence" is merely cumulative in nature, it is error to rely upon it as the basis for setting aside a verdict (see, People v Chalos, 111 AD2d 827, 828). Inasmuch as the jurors had already made a negative assessment of McAndrews' testimony, it was patently erroneous to have set aside the verdict on the basis of testimony which was essentially cumulative.

Significantly, there exist salient disparities in the testimony of McAndrews and the testimony of the belatedly discovered eyewitnesses with regard to the number of persons in the

vehicle and the distance it actually traveled on the sidewalk. McAndrews claims to have been the operator of the vehicle at the time in question, with the defendant and the defendant's sister as passengers. At the postverdict hearing, one of the alleged eyewitnesses claimed that she saw two persons in the vehicle, while the other testified that there had only been one person in the vehicle. Although McAndrews testified that he had driven the entire length of a block on the sidewalk, one of the eyewitnesses unequivocally contradicted this.

Juxtaposed against this evidence was the testimony of the complainant, a retired New York City homicide detective, who had been threatened by the defendant shortly before the incident. The complainant had an ample opportunity to observe the defendant position himself behind the steering wheel of a brownish-gold Plymouth which vehicle thereafter sped by on the sidewalk, narrowly missing the complainant. After summoning the police, the complainant observed the vehicle circling the area with the defendant still behind the wheel. When the police succeeded in pulling the vehicle over, the complainant identified the defendant, who was still in the driver's seat, as the man who had attempted to run him over. The defendant had also attempted to run over a second witness when the latter identified himself as a police officer. Shortly thereafter, this witness, who had also observed the subject car go by on the sidewalk, saw it being pulled over by the police officers in a radio car. This witness also identified the defendant as the driver.

In view of the overwhelming evidence of guilt, I conclude that the purported new evidence, which was, at times, contradictory, was not credible and thus not likely to result in a more favorable verdict to the defendant upon retrial (see, People v Rivera, 108 AD2d 829, 830). Accordingly, it was an improper exercise of discretion for Criminal Term to have granted the defendant's motion to set aside the verdict on these facts.