■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ANDERSON, Appellant. [629 NYS2d 223] —Judgment, Supreme Court, Bronx County (Richard Lee Price, J.), rendered September 23, 1993, convicting defendant, after a nonjury trial, of reckless endangerment in the first degree, and sentencing him to a term of $1^3/4$ to $5^1/4$ years, unanimously affirmed.

Viewing the evidence in a light most favorable to the People (*People v Contes*, 60 NY2d 620, 621), we find that it was legally sufficient to establish beyond a reasonable doubt that defendant committed the crime of reckless endangerment in the first degree. Moreover, the verdict was not against the weight

of the evidence (CPL 470.15 [5]). Although no individual suffered actual harm, the evidence establishing that defendant set five separate fires in an apartment building which he knew to be inhabited, after threatening neighbors that he was going to do so, was sufficient to sustain his conviction (*see, People v Johnson*, 186 AD2d 363, *lv denied* 81 NY2d 763; *see generally, People v Davis*, 72 NY2d 32, 35-36).

It was not an improvident exercise of discretion for the court to summarily deny defendant's motion to withdraw his previously executed waiver of his right to a jury trial since the request, made almost a month after the waiver was executed and while the prosecution witnesses were in the courthouse waiting to testify, was untimely (*see, People v McQueen*, 52 NY2d 1025; *compare, People v Miller*, 149 Misc 2d 554).

Defendant is not entitled to the requested relief of dismissal of the indictment on speedy trial grounds because his papers in support of his *pro se* motion failed to contain sworn allegations of fact as to the adjourned dates and the reasons for the adjournments, there is no indication that the People were ever served with the motion and he failed to provide this Court with a record upon which his contention could be assessed. Concur—Rosenberger, J. P., Kupferman, Asch, Nardelli and Mazzarelli, JJ.