■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL STRONG, Appellant. [660 NYS2d 464] —Crew III, J. Ap-

peal from a judgment of the Supreme Court (Teresi, J.), rendered November 7, 1994 in Albany County, upon a verdict convicting defendant of the crimes of rape in the first degree, robbery in the first degree and robbery in the second degree.

In October 1993, George Giametta and a woman (hereinafter the victim) moved into a home in the Town of Colonie, Albany County. Giametta advised a fellow employee that he was in need of furnishings for the house, and the co-worker indicated that he had a television in which Giametta might be interested. On November 20, 1993, the co-worker arrived at Giametta's residence with two black males, defendant and Raymond Allen, and sold Giametta a television for $60. On November 22, 1993, at approximately 2:30 A.M., defendant arrived at Giametta's residence and advised that he had additional things that Giametta might be interested in purchasing. Defendant then put a gun to Giametta's neck, told him and the victim to lie down on the floor, tied them up with duct tape, removed their rings and necklaces, took money from their wallets and raped the victim.

In January 1994, defendant was indicted and charged in a three-count indictment with rape in the first degree, robbery in the first degree and robbery in the second degree. Following a jury trial, defendant was convicted as charged and sentenced, as a persistent felony offender, to consecutive prison terms of 25 years to life for rape in the first degree and robbery in the first degree and 25 years to life for robbery in the second degree, to be served concurrently with the sentence for robbery in the first degree. Defendant now appeals.

Defendant contends that the verdict was against the weight of the evidence by reason of the conflicting statements made by Giametta and the victim regarding the identification of the perpetrator. In view of the fact that a different finding than that reached by the jury would not have been unreasonable here, we have weighed the relevant probative force of the conflicting testimony and the relative strength of the conflicting inferences that may be drawn therefrom and have determined that defendant's conviction was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490).

While it is true that both Giametta and the victim initially and independently identified Allen as the perpetrator of the crimes in question and thereafter identified defendant as the perpetrator, both in a lineup and at trial, we reject defendant's assertion that their statements are repugnant and tend to demonstrate that they are untrustworthy by reason of carelessness, poor memory or dishonesty (*see, Larkin v Nassau Elec. R. R. Co.*, 205 NY 267, 269). Shortly after the incident, Gia-

metta was taken by the police to Quail Street in the City of Albany, where the police had stopped a car driven by Allen. At first, Giametta indicated that Allen was the person who had raped the victim but, within moments, indicated that he was not sure that Allen was the perpetrator in that Allen was wearing glasses and a light shirt while the perpetrator wore no glasses and had on a black leather jacket. Approximately two weeks later, Giametta observed a lineup of six individuals, at which time he positively identified defendant as the person who raped the victim.

Similarly, not long after the incident, the victim was shown a photographic array from which she identified Allen as the perpetrator. Later that evening, however, the victim observed a television news report showing Allen being taken from the courthouse and immediately called the police to advise them that while she was sure that Allen had been in her house with Giametta's co-worker the day before the incident, she was unsure that he was the perpetrator. Thereafter, the victim viewed the same lineup as Giametta and positively identified defendant as the perpetrator. Finally, the testimony of Allen fully implicated defendant as the perpetrator. Although defendant asserts that Allen's testimony was not believable, as a matter of law, because he initially lied to the police concerning defendant's involvement in the incident and because he had an extensive criminal record, the jury had ample opportunity to assess Allen's credibility, and we see no reason to disturb its resolution of that issue.

In conclusion, while it is clear that this Court is empowered to undertake a factual review of the case to determine if the jury failed to give the evidence the weight it should be accorded, it is equally clear that we should not substitute ourselves for the jury and should accord great deference to its opportunity to view the witnesses, hear the testimony and observe demeanor (*see, People v Bleakley*, 69 NY2d 490, 495, *supra*). Quite plainly, this represents a case where the jury was called upon to determine the credibility of the various witnesses, and there is nothing in the record that suggests to us that its determination in that regard should be rejected (*compare, Matter of Gregory J.*, 204 AD2d 68; *People v Roberts*, 165 AD2d 598). We have considered defendant's remaining contentions and find them to be equally without merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.