■ The People of the State of New York, Respondent, v Stephen Harrison, Appellant. [677 NYS2d 637] —White, J. P. Appeal from a judgment of the Supreme Court (Keegan, J.), rendered January 10, 1995 in Albany County, upon a verdict convicting defendant of the crimes of attempted arson in the first degree and reckless endangerment in the first degree (seven counts).

Around 11:00 P.M. on January 26, 1994, a "Molotov cocktail" was thrown at a two-story residential dwelling occupied by seven people that was located at 771 Livingstone Avenue in the City of Albany. Fortunately, the incendiary device only caused a small fire on the front porch that was quickly extinguished. Acting upon information supplied by the first-floor tenant, Faith Goldstone, the police arrested Willie Gathers who provided an inculpatory statement that also implicated defendant. As a consequence, defendant was arrested, indicted and, based largely on Gathers' testimony, convicted of the crimes of attempted arson in the first degree and reckless endangerment in the first degree (seven counts). He now appeals.

At trial Gathers testified that on January 24, 1994, he was involved in an altercation at Goldstone's apartment in which he sustained serious wounds to his head and ear. Thereafter, on January 26, 1994, he was socializing with his girlfriend,

Tina Tikach, defendant and defendant's girlfriend. At some point Gathers and defendant left to buy cigarettes and gas for defendant's car. When the purchases were completed, at defendant's request, Gathers pointed out 771 Livingstone Avenue as the place where the altercation took place. Defendant then parked his car some distance away, got out and, carrying a bottle with a rag wrapped around it, proceeded to walk in the direction of 771 Livingstone Avenue. Upon returning, defendant told Gathers "that's the way we do it in Massachusetts". Gathers then saw flames emanating from the dwelling.

Defendant concedes that the record evidence establishes that an attempted arson took place. Nevertheless, he maintains that his conviction cannot be sustained because Gathers' testimony was not corroborated in accordance with CPL 60.22 (1). While accomplice testimony must be corroborated with independent evidence, such evidence does not have to be substantial as it need not establish the elements of the offense; instead, it is sufficient if it tends to connect the defendant to the crime, thereby assuring the jury that the accomplice has offered credible probative evidence (see, People v Breland, 83 NY2d 286, 292-293; see also, 4 Zett, NY Crim Prac § 27.8 [3]).

The People maintain that there is ample corroborative evidence, citing the proof that when questioned by police defendant stated, "So what? Me and Willie threw a bomb through the window. F * * * him. I didn't do nothing." They also cite evidence that when the police went to an apartment to question defendant, he fled. Additionally, Tikach testified that on January 26, 1994, defendant and Gathers left together between 9:00 and 10:00 P.M. and were gone for about two hours. She also related that after Gathers was arrested, defendant kept asking her if she said anything to the police about him. Finally, an acquaintance of defendant, Ralph Piatt, stated that defendant told him that he threw a "Molotov cocktail" at a building because of the attack on Gathers.

Defendant's analysis of this evidence and his assessment of the credibility and weight of the witnesses' testimony has led him to conclude that this is not the corroboration envisioned by CPL 60.22 (1). While he has implicitly invited us to undertake a similar analysis, we decline to do so since we accord great deference to the jury's evaluation of the evidence (see, People v Strong, 241 AD2d 754, 756, lv denied 90 NY2d 943). Therefore, inasmuch as defendant's admissions, his flight, his presence with Gathers at the time the crime was committed and his persistent questioning of Tikach harmonize with Gathers' testimony, we find that the necessary connection between defen-

dant and the crimes was made, thereby providing reasonable assurance to the jury that Gathers was telling the truth (*see, People v Steinberg*, 79 NY2d 673, 683; *People v Riddick*, 246 AD2d 821, 823; *People v Gonsa*, 220 AD2d 27, 32, *lv denied* 89 NY2d 923; *People v Jackson*, 178 AD2d 438). Accordingly, we reject defendant's contention that the mandates of CPL 60.22 (1) were not satisfied.

Viewing the foregoing evidence in the light most favorable to the People, we conclude that the verdict is supported by legally sufficient evidence since a rational trier of fact could determine that every element of the crimes of attempted arson in the first degree and reckless endangerment in the first degree had been established beyond a reasonable doubt (*see, People v Chico*, 90 NY2d 585, 588-589; *People v Anderson*, 216 AD2d 257, *lv denied* 86 NY2d 840; *People v Johnson*, 186 AD2d 363, *lv denied* 81 NY2d 763; *People v Jones*, 119 AD2d 769). Moreover, upon exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

Yesawich Jr., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.