Matter of (2004 NY Slip Op 50494(U))

[*1]

Matter of Edwin L. 

2004 NY Slip Op 50494(U)

Decided on June 3, 2004

Family Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 3, 2004

Family Court, Kings County
 In the Matter of Edwin L., Jr., a Child Under the Age of Eighteen Years Alleged to be Severely Abused.
NA-06201/03

Bryanne A. Hamill, J.
This child protective proceeding was commenced on June 16, 2003, with the filing of an abuse petition against the respondent mother, Jessica C., and the respondent father, Edwin L., Sr. On June 24, 2003, an amended petition was filed against both respondents alleging that the subject child was an abused child, as defined by section 1012(e) of the FCA, and a severely abused child, as defined by section 384-b of the Social Services Law.
The petition alleges that, on June 10, 2003, the subject child suffered intracranial bleeding (subdural hematoma), a skull fracture to the occipital/parietal area, retinal hemorrhages, and bruising above the left cheekbone. On June 24, 2003, respondent, Edwin L., was put on notice of the petitioner's intent to prove that the subject child was a severely abused child by clear and convincing evidence and that such a finding could constitute a basis to terminate parental rights pursuant to section 384-b of the Social Services Law.
On January 20, 2004, the respondent, Edwin L., was convicted of reckless endangerment in the first degree and endangering the welfare of a child with regard to the subject child, upon his guilty plea in Kings County Supreme Court, after a knowing and voluntary waiver of his rights.
Thereafter, ACS moved for summary judgment, requesting this Court enter findings of abuse, pursuant to FCA § 1012 (e) (ii); severe abuse, pursuant to Social Services Law § 384b (8) (a); and aggravated circumstances, pursuant to FCA § 1012(j). Respondent father failed to submit any papers in opposition thereto. Thus, based upon his criminal conviction of reckless endangerment in the first degree, which satisfied each element of the relevant abuse statute as a matter of law, this Court entered a finding of abuse, pursuant to FCA §1012(e)(ii), on May 7,2004. Based upon the respondent's request and his statements in court that he did not cause the serious injuries to Edwin, this Court granted him an additional opportunity to submit papers in opposition to ACS's remaining [*2]motion for summary judgment.
The respondent father essentially argues, inter alia, that a finding of severe abuse, pursuant to §384-b (8) (a) cannot be entered because a genuine issue of fact exists regarding who caused the child's severe injuries.
Social Services Law 384-b (8) (a) states: "For the purposes of this section a child is "severely abused" by his or her parent if (i) the child has been found to be an abused child as a result of reckless or intentional acts of the parent committed under circumstances evincing a depraved indifference to human life, which result in serious physical injury to the child as defined in subdivision ten of section 10.00 of the penal law."
Although this Court entered a finding of abuse, pursuant to FCA §1012(e)(ii), based upon the father's admission to, and conviction of, reckless endangerment in the first degree, because no triable issue exists, the same cannot be said regarding severe abuse, by clear and convincing evidence. This Court did not find the child to be abused as a result of the father's actions resulting in any serious physical injury to him, but as a result of the father's actions essentially creating a substantial risk of serious physical injury. The father creating a grave risk of death to his child is not synonymous with causing serious physical injury to this child. Reckless endangerment in the first degree, in violation of Penal Law § 120.25, may be committed by causing no actual injury or harm. See, People v. Anderson, 216 A.D.2d 257 (1st Dept. 1995), leave denied, 86 NY2d 840. Thus, the causation of serious physical injury, required for a severe abuse finding, is not an element of the crime for which the father was convicted.
Furthermore, Social Services Law §384-b contains a list of violent crimes which independently may form a basis for a finding of severe abuse. Reckless endangerment in the first degree is noticeably absent. See, SSL §384-b(8)(iii)( C).
Here, the minimal criminal court allocution failed to identify specifically what the father's actions were as well as whether his conduct caused any actual physical injury, including the type and severity of injuries shown by the medical records and alleged in the severe abuse petition. Although the father does not dispute that the child suffered serious physical injury, he denies, through his affidavit, that he caused such injury. Moreover, respondent father objects to petitioner's reliance on such medical records demonstrating such injuries for summary judgment, without proper entry into evidence, an opportunity to object, to cross examine the maker of the records, and call his own expert witness to contradict the findings.
In this proceeding, the respondent mother was convicted of, after admitting to, assault in the second degree, whereby she committed specific acts of shaking and dropping Edwin, over several months, with the intent to cause him physical injury, and thereby causing him physical injury. In fact, pursuant to respondent mother's conviction of assault in the second degree and ACS's motion for summary judgment, this Court entered findings against respondent mother of abuse, pursuant to FCA §§1012(e)(i) and(ii); severe abuse, pursuant to Social Services Law §384-b (8)(a)(iii); and aggravated circumstances, pursuant to FCA § 1012 (j). Of course, under the prevailing case law, this does not necessarily preclude this Court from ultimately finding the father civilly liable for Edwin's severe abuse as well.
In conclusion, ACS has failed to establish a prima facie showing for entry of an order granting summary judgment on the severe abuse allegations, because a genuine issue of fact exists as to whether respondent father's actions, which are actually unknown at this time, resulted in the serious physical injury sustained by Edwin. Inasmuch as the respondent father's guilty plea to reckless endangerment in the first degree, the child's medical records, the father's statements and prior criminal history, and the mother's statements, fail to establish, as a matter of law, that he actually caused the serious physical injury to Edwin, ACS's motion for summary judgment for findings of severe abuse, pursuant to Social Service Law § 384-b, and aggravated circumstances, pursuant to FCA § 1012(j) must be denied in their entirety.
With respect to respondent father's request for this Court to vacate his criminal conviction, the Family Court lacks such jurisdiction, and thus, his application is hereby denied.
The foregoing constitutes the decision and Order of the Court.
Dated: Brooklyn, New York
 June 3, 2004
E N T E R
_______________________________
HON. BRYANNE A. HAMILL

Judge of the Family Court