■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR J. ALLEN, Appellant. [817 NYS2d 439]—

Cardona, P.J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered August 13, 2004, upon a verdict convicting defendant of the crimes of criminal possession of a forged instrument in the second degree and petit larceny.

On November 5, 2003, Fannie Burns contacted the police and postal inspector to report that her paycheck had been stolen

from her mailbox at 82 North Allen Street in the City of Albany. After an investigation, it was determined that Burns's paycheck had been negotiated at a Charter One Bank branch and defendant's signature and account number from that bank were written on the back of the check. Subsequently, defendant was indicted for criminal possession of a forged instrument in the second degree and petit larceny.

A jury trial was held, during which Lavon Price, testifying for the People, indicated that she had known defendant for five or six years and had stayed at his apartment for approximately three months. She testified that, at approximately 2:00 P.M. on November 5, 2003, she received a telephone call at defendant's apartment from an acquaintance named Renee who told her that she had a check and needed her help in cashing it. Price stated that she was told she would receive half the proceeds of the check after cashing it. She then asked defendant if he would help because he had a bank account and he agreed. According to Price, Renee brought the check to defendant's apartment where Price examined it and showed it to defendant. Price stated that defendant had the check in his possession as the three of them walked to a Charter One Bank branch. According to Price, upon arrival, defendant was told by a bank teller that, because defendant was the account holder, the check could only be cashed if Price (as the purported payee) first signed it over to defendant. Price also claimed that defendant was wearing his eyeglasses at that time. Price signed the name "Fannie Burns" on the back of the check and gave the check to defendant to sign, which he did. The teller gave the money to defendant and Price indicated that she then took her share and asked defendant how much he wanted. He stated "A hundred," at which point Price testified that she gave defendant $100 and the remaining proceeds to Renee. Price admitted that, following her arrest for this crime, she agreed as part of a plea bargain to testify for the People in their case against defendant.

Defendant testified at trial and stated that Price was a casual acquaintance named "Von," who he agreed to help by cashing her check. He said that although she stayed at his apartment a few times, she never lived there, did not store her personal belongings at the apartment and he did not know her last name. He also testified that he did not see the check before signing it, was not wearing his eyeglasses and, although he signed his name directly beneath the signature that Price signed, did not examine it or notice that it said "Fannie Burns." Defendant stated that Price gave him $20 from the check proceeds.

Following the close of proof, the jury found defendant guilty

of the charged crimes. He was sentenced as a second felony offender to an aggregate prison sentence of $3^1/_4$ to $6^1/_2$ years, prompting this appeal.

Defendant contends that the People failed to adduce legally sufficient evidence of criminal intent establishing that, at the time the check was negotiated, he knew that it was made payable to Burns, as opposed to Price, and, additionally, knew the check was stolen (*see* Penal Law §§ 155.05, 155.25, 170.25). Given Price's testimony regarding defendant's complicity and knowledge, defendant's primary claim is that the proof was legally insufficient to support his convictions because there was inadequate corroboration of Price's trial testimony. However, "[w]hile we recognize that accomplice testimony is to be regarded with the utmost caution, thereby requiring corroboration of such testimony, the corroborative evidence need not be directly probative of the ultimate facts necessary to establish the elements of the crime charged" (*People v Riddick*, 246 AD2d 821, 822 [1998], *lv denied* 91 NY2d 944 [1998] [citations omitted]; *see* CPL 60.22 [1]).

Here, we find the corroborative proof adduced by the People from nonaccomplice sources linking defendant to the charged crimes sufficient to meet the minimal requirements of CPL 60.22 (*see People v Breland*, 83 NY2d 286, 294 [1994]; *People v Harrison*, 251 AD2d 893, 894-895 [1998], *lv denied* 92 NY2d 949 [1998]; *People v Riddick, supra* at 822). For example, the bank teller, Zulma Lopez, confirmed the circumstances of the bank transaction as described by Price, commenting that she remembered that defendant and Price "seemed like they knew each other fairly well." After viewing certain bank surveillance photographs in evidence, she also confirmed that defendant was wearing eyeglasses at the time of the transaction. Additionally, the People's rebuttal witness, Eranna Farrow, testified that she knew defendant from living in the same apartment building. She saw defendant and Price together every day and, at one point, Price lived in defendant's apartment for approximately two or three months and "[a]ll her clothes and stuff" were stored there. We find this proof sufficiently corroborative and, when viewing all the evidence in the light most favorable to the People, conclude that affirmance is required inasmuch as there is a valid line of reasoning which could lead a rational finder of fact to the conclusion reached by the jury as to defendant's guilt (*see People v Bleakley*, 69 NY2d 490, 493 [1987]; *People v Glanda*, 18 AD3d 956, 958 [2005], *lv denied* 6 NY3d 754 [2005]).

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.