■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL D. HIGGINS, Appellant. [845 NYS2d 521]—

Mercure, J.P. Appeal from a judgment of the County Court of Schoharie County (Bartlett III, J.), rendered November 16, 2005, upon a verdict convicting defendant of the crimes of criminal sexual act in the first degree, forcible touching, unlawful imprisonment in the second degree and menacing in the third degree.

Defendant and the victim were involved in a romantic relationship for several years. Following an incident in which defendant was thrown out of a bar where the victim worked, they had an altercation at the victim's residence during which defendant admittedly threw a glass of water in the victim's face and pushed her, causing her to fall to the floor. According to the victim, defendant also restrained her, placed his fingers inside her vagina, attempted to force her to have intercourse with him and to perform oral sex, and, when she resisted, masturbated and ejaculated on her face and head. Defendant later called the victim in a state of despondency and, when she went to defendant's house to comfort him, he expressed his remorse over the altercation—which he states ended after pushing the victim to the floor—and gave the victim a gold bracelet as a present. Defendant traveled to Maine for a scheduled visit shortly thereafter but, according to the victim, he continued to call her and leave messages that were alternatively remorseful or threatening, prompting her to contact the police.

Defendant was then arrested in Maine and brought back to Schoharie County, where he was indicted on various counts related to the incident. Following trial, a jury convicted defendant of criminal sexual act in the first degree, forcible touching, unlawful imprisonment in the second degree, and menacing in the third degree, and County Court subsequently sentenced him to a total of 12½ years in prison. Defendant appeals and we now affirm.

Initially, defendant asserts that the verdict was against the weight of the evidence, noting that the victim did not initially report the incident, include a description of the sexual assault in her typed statement to police, or inform police that she went to defendant's residence after the incident. In addition, the victim destroyed evidence—pajamas that she states were ripped during the attack and that she used to clean defendant's semen from her face. In reviewing the weight of the evidence, we must first determine whether "based on all the credible evidence a different finding would not have been unreasonable" (*People v Bleakley*, 69 NY2d 490, 495 [1987]). If so, "then [we] must, like the trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony.' If it appears that the trier of fact has failed to give the evidence the weight it should be accorded, then [we] may set aside the verdict" (*id.*, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943] [citations omitted]). Here, in light of the victim's destruction of evidence, inconsistent statements and failure to inform police that she went to defendant's house immediately after the attack, we conclude that a different result would not have been unreasonable. Nevertheless, given the victim's detailed testimony regarding the incident and her explanations regarding her behavior afterward, it cannot be said that the verdict should be set aside.

With respect to the victim's failure to immediately report the event, she indicated that she was afraid that no one would believe her until defendant left threatening voice-mail messages on her answering machine, including a message alluding to the incident. In addition, while the victim's written statement did not describe the sexual assault, it contained a notation indicating that it was incomplete and she explained that she found it difficult to put the assault into words until she was able to speak to a domestic violence counselor. Finally, the victim also explained that she had thrown her pajamas in the garbage, which was taken from her house prior to her going to the police.* Viewing the evidence in a neutral light and according "[g]reat deference . . . to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor," we conclude that the verdict is not against the weight of the evi-

---

* Defendant also relies upon the fact that a third person's DNA, in addition to DNA from defendant and the victim, was found on a towel that defendant allegedly used to clean himself after the attack. We note, however, that the presence of a third person's DNA did not exclude defendant and, in any event, the identity of the assailant was not a contested issue.

dence (*People v Bleakley*, 69 NY2d at 495; *see People v Edwards*, 38 AD3d 1133, 1133 [2007], *lv denied* 9 NY3d 864 [2007]; *People v Love*, 307 AD2d 528, 530 [2003], *lv denied* 100 NY2d 643 [2003]; *People v Strong*, 241 AD2d 754, 755-756 [1997], *lv denied* 90 NY2d 943 [1997]).

We further reject defendant's argument that County Court erred in permitting the People to reopen their case, after defendant rested without presenting any witnesses, to offer testimony by a friend of the victim that the victim was "not herself" on the night of the incident. The evidence was offered to contradict any inference that could be drawn from the testimony of Officer Richard Bialkowski on cross-examination that the victim was in the company of police officers that she knew socially but failed to report the incident to them. CPL 260.30 (7) states that "[i]n the interest of justice, the court may permit either party to offer evidence upon rebuttal which is not technically of a rebuttal nature but more properly a part of the offering party's original case." Contrary to defendant's argument that the testimony regarding the victim's demeanor relates only to a collateral issue, his challenges to the evidence presented against him focus almost entirely on the conduct of the victim immediately following the alleged attack. Inasmuch as the victim's conduct on the night of the incident was therefore a crucial issue, and the evidence was both simple to prove and did not prejudice defendant, we conclude that County Court properly exercised its discretion in permitting the People to reopen their case (*see People v Duplessis*, 16 AD3d 846, 847-848 [2005], *lv denied* 4 NY3d 853 [2005]; *People v Miranda*, 192 AD2d 725, 725 [1993], *lv denied* 81 NY2d 1076 [1993]; *see also People v Harris*, 57 NY2d 335, 345-346 [1982], *cert denied* 460 US 1047 [1983]; *cf. People v Whipple*, 97 NY2d 1, 6-8 [2001]).

Defendant's remaining argument regarding the severity of his sentence has been considered and found to be lacking in merit.

Cardona, P.J., Crew III, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.