People v Cox (2020 NY Slip Op 04273)





People v Cox


2020 NY Slip Op 04273


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


699 KA 18-00288

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LINDELL COX, DEFENDANT-APPELLANT. 






NORMAN P. EFFMAN, PUBLIC DEFENDER, WARSAW (ADAM W. KOCH OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, SPECIAL PROSECUTOR, NEW YORK PROSECUTORS TRAINING INSTITUTE, INC., BUFFALO (BRIDGET RAHILLY STELLER OF COUNSEL, FOR RESPONDENT.


 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered December 20, 2017. The judgment convicted defendant after a nonjury trial of promoting prison contraband in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of promoting prison contraband in the first degree (Penal Law § 205.25 [2]), defendant contends that the evidence is legally insufficient to establish that he knowingly possessed the contraband in question, i.e., a weapon found in his shoe. We reject that contention. As relevant here, "a person is guilty of promoting prison contraband in the first degree when . . . [, b]eing a person confined in a detention facility, he [or she] knowingly and unlawfully makes, obtains or possesses any dangerous contraband" (id.). "A person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when [the person] is aware that his [or her] conduct is of such nature or that such circumstance exists" (§ 15.05 [2]). At trial, a correction officer testified that he observed defendant making suspicious movements toward his right shoe and alerted his supervisor, who intercepted defendant moments later and found a weapon under the padding of the shoe. Based upon that testimony, we conclude that there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by [County Court] on the basis of the evidence at trial" (People v Bleakley, 69 NY2d 490, 495 [1987]). Moreover, viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant next contends that the court abused its discretion in denying his request to withdraw his waiver of the right to a jury trial. We reject that contention, particularly because he did not seek to withdraw the waiver until the morning of trial, when the prosecution witnesses were in court ready to testify (see People v McQueen, 52 NY2d 1025, 1026 [1981]; People v McMillian, 158 AD3d 1059, 1061 [4th Dept 2018], lv denied 31 NY3d 1119 [2018]; People v Anderson, 216 AD2d 257, 258 [1st Dept 1995], lv denied 86 NY2d 840 [1995]).
Finally, the sentence is not unduly harsh or severe.
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court