■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID WADLEY, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County (Owens, J.), dated October 12, 1983, granting defendant's motion to set aside a jury verdict finding him guilty of robbery in the first degree and robbery in the second degree (two counts), on the ground of newly discovered evidence.

Order reversed, on the law and the facts, motion to set aside the verdict denied, verdict reinstated as against defendant, and case remitted to Criminal Term for the imposition of sentence.

When a defendant makes a motion to set aside a verdict pursuant to CPL 330.30 (3) on the ground of newly discovered evidence, the burden is upon him "to prove, by a fair preponderance of the credible evidence (CPL 330.40, subd 2, par [g]): (1) that the new evidence had been discovered since the trial; (2) that it could not have been produced by [defendant] at trial even with due diligence; and (3) that it was of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to [defendant]" (*People v Santiago,* 88 AD2d 665, citing CPL 330.3 [3]; *People v Salemi,* 309 NY 208, 215-216; *People v Balan,* 107 AD2d 811).

The evidence at issue on this appeal was discovered by defendant prior to the trial and could have been produced at trial had defendant exercised due diligence. Furthermore, the evidence which defendant presented is consistent with complainant's testimony on the same issue, and does not exculpate defendant in any way. Accordingly, the order should be reversed and the motion to set aside the verdict denied. Titone, J. P., O'Connor, Lawrence and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WASHINGTON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Coffinas, J.), rendered January 4, 1984, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and sentencing him to a definite term of one year's imprisonment.

Judgment affirmed.

Since defendant has already served his sentence, the question of its excessiveness is now academic. Titone, J. P., O'Connor, Rubin and Lawrence, JJ., concur.