■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON MILLER, Appellant.

The defendant was identified by an undercover police investigator as a man called "Slim", who sold him illegal drugs on two occasions in Peekskill. Both sales were arranged by a confidential informant who introduced "Slim" to the undercover officer and who was present during the sales. The defense was mistaken identification, and two defense witnesses testified that there was another man called "Slim" who sold drugs in Peekskill who closely resembled the defendant, and that the defendant's nickname was "Bulbhead", not "Slim".

The confidential informant's identity was disclosed to the defense before trial and a defense motion was made for his

production on the ground that he was present during the sale and "would be" in a position to give exculpatory information. The court directed both sides to make efforts to locate the informant. After the trial began it was discovered that he was being held in Federal custody and was therefore unavailable as a witness. The defendant argues that the People's failure to produce the informant denied him a fair trial.

In *People v Jenkins* (41 NY2d 307, 311-312), the Court of Appeals held that,

"if the prosecutor exerts reasonable good faith efforts to make the witness available, then neither dismissal of the charges may be ordered nor a new trial directed unless the defendant demonstrates affirmatively that the testimony of the informant was not only relevant but also that it is likely to have been favorable to some degree in tending to exculpate the defendant or, alternatively, he must show the existence of a significant likelihood that the witness' testimony could be impeached to a meaningful degree creating a doubt as to the reliability of the prosecutor's case * * *

"An absolute duty of production, or, alternatively, dismissal of the prosecution's case, is required only where the People have intentionally procured the disappearance of the informant when they knew or should have known that the testimony would be material and relevant to the defense, or have exerted inadequate efforts to locate the informant, to avoid his or her presence at trial."

The defendant is not entitled to a dismissal or a new trial here since the record discloses that (1) the informant was not in the People's control at the time of trial, (2) reasonable good-faith efforts were made to attempt to procure his appearance, and (3) the defendant failed to affirmatively demonstrate that the informant's testimony would be exculpatory. Under the circumstances, the defendant was not entitled to a jury instruction that an inference unfavorable to the People could be drawn from their failure to call the informant as a witness (see, *People v Rodriguez*, 38 NY2d 95; *People v Watkins*, 67 AD2d 717, 718).

After the conclusion of the trial, the defendant's attorney located and spoke to the informant and then moved to set aside the verdict, claiming that the informant's testimony was exculpatory and that this constituted newly discovered evidence (see, CPL 330.30 [3]). The trial court granted a hearing on the motion. At the hearing, the informant testified that the seller in one of the drug transactions with the undercover

officer which he witnessed was another Peekskill man called "Slim" who closely resembled the defendant. He remembered nothing about the second sale to the undercover officer. The trial court rejected the informant's testimony as incredible and denied the motion, concluding that the defendant had failed to meet his statutory burden to show that the newly discovered evidence was "of such character as to create a probability that had [it] been received at the trial the verdict would have been more favorable to the defendant" (see, CPL 330.30 [3]). The trial court found that the informant, a drug addict with a criminal record, was probably motivated by anger at the undercover officer for failing to protect him since he was not notified before arrests were made of the drug dealers he had introduced to the undercover officer, and as a result he was threatened and in fear for his life. Furthermore, the trial court, in denying the motion, noted that despite its specific request for corroboration of the existence of another Peekskill man called "Slim" who sold drugs, no such evidence had been produced.

A motion pursuant to CPL 330.30 (3) is addressed to the sound discretion of the hearing court, and we find no abuse of that discretion here (see, People v Salemi, 309 NY 208, cert denied 350 US 950). The assessment of the informant's credibility was the court's function, and that determination, not being clearly erroneous, must stand (see, People v Armstead, 98 AD2d 726).

The defendant also contends that the court's charge on reasonable doubt diluted the People's burden of proof. Although the language "if your minds are wavering or if the scales of proof are even" is improper (see, People v Wade, 99 AD2d 474; People v Ortiz, 92 AD2d 595), an examination of the entire charge indicates that the concept of reasonable doubt was fully and properly explained (see, People v Harvey, 111 AD2d 185).

We have examined the defendant's other contentions and find them to be without merit. Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.