■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUZ BARRERO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered June 9, 1986, convicting her of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The sole issue raised on this appeal is the propriety of the denial, after a hearing, of the defendant's motion pursuant to CPL 330.30 (3) for a new trial on the ground of newly discovered evidence. Contrary to the defendant's contention, the record indicates that she failed to establish by a preponderance of the credible evidence that "new evidence ha[d] been discovered since the trial which could not have been produced by the defendant at the trial even with due diligence * * * and which [was] of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 330.30 [3]; 330.40 [2] [g]; *People v Wadley*, 108 AD2d 943). Specifically, neither the defendant nor her trial counsel showed that they had used due diligence in locating the proposed witness in time to present her testimony at the trial *(see, People v Wadley, supra)*. In addition, the trial court concluded that the witness's proposed testimony, which contradicted in part the testimony of both the prosecution and defense witnesses, as well as her own prior statements, was "totally unworthy of belief". We find that this purported new evidence was not credible and thus was "not likely to result in a more favorable verdict to defendant upon retrial" *(People v Rivera*, 108 AD2d 829, 830; *see, People v Sanchez*, 136 AD2d 751; *People v Miller*, 124 AD2d 830, *lv denied* 69 NY2d 830, *cert denied* — US —, 107 S Ct 2467). Accordingly, the trial court did not abuse its discretion in denying the defendant's CPL 330.30 (3) motion *(see, People v Miller, supra)*. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.