■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ZAMBRANA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gallagher, J.), rendered July 17, 1985, convicting him of criminal sale of

a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not abuse its discretion in denying his motion to set aside the verdict on the ground of newly discovered evidence *(see,* CPL 330.30 [3]). The defendant was aware of the identity of the witness whom he purportedly desired to call on his behalf and the subject matter of his testimony. On the day this witness was to testify, he was for the first time absent from the courtroom. The defendant rested following the close of the People's evidence without placing a comment on the record relevant to the proposed witness's testimony or seeking an adjournment to attempt to secure this witness's presence at trial. Under such circumstances it cannot be said that the defendant established by a preponderance of credible evidence that despite the exercise of due diligence the evidence could not have been produced at trial *(see, People v Davis,* 43 NY2d 17, 28, *cert denied* 435 US 998, *rearg dismissed* 61 NY2d 670; *see, People v Wadley,* 108 AD2d 943; *People v Santiago,* 88 AD2d 665). Furthermore, it is clear that this evidence was neither newly discovered nor of such character as to create the probability of a more favorable outcome for the defendant *(see, People v Rivera,* 108 AD2d 829, 830; *People v Donald,* 107 AD2d 818).

We have reviewed the defendant's remaining contention and find it to be unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Lipton,* 54 NY2d 340, 351; *People v Thomas,* 50 NY2d 467, 471-473), and, in any event, without merit. Kunzeman, J. P., Weinstein, Eiber and Spatt, JJ., concur.