■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL WILLIAMS, Also Known as NAT WILLIAMS, Appellant.—Appeal by the defendant (1) from a judgment of the County Court, Westchester County (Colabella, J.), rendered December 12, 1986, convicting him of criminal sale of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence, and (2) from an amended judgment of the same court (Rosato, J.), rendered March 11, 1987, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, after his admission, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a weapon in the third degree and driving while impaired.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), convicting him of murder in the second degree (two counts) and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Upon our review of the court's charge as a whole, we conclude that the jury was properly instructed about the rules to be applied in arriving at its verdict, and the alleged errors do not warrant reversal of the defendant's conviction (see, People v Malloy, 55 NY2d 296, cert denied 459 US 847; People v Quinones, 123 AD2d 793, lv denied 69 NY2d 749).

The trial court did not improvidently exercise its discretion in denying the defendant's motion to set aside the verdict on the ground of newly discovered evidence (see, CPL 330.30 [3]). The evidence proffered by the defendant in support of the motion is not of such character as to create the probability that the verdict would have been more favorable to him (see, People v Zambrana, 142 AD2d 744).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.