■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY FIELDER, Appellant.—Appeals by the defendant from (1) a judgment of the County Court, Nassau County (Santagata, J.), rendered August 14, 1987, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree (two counts) under indictment No. 64271, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, rendered August 18, 1987, revoking a sentence of probation previously imposed under indictment No. 60966, upon a finding that he had violated a condition thereof, based upon his conviction under indictment No. 64271, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a weapon in the third degree.

Ordered that the judgment and the amended judgment are affirmed.

We find that the court properly denied, without a hearing, the defendant's motion pursuant to CPL 330.30 (3) to set aside his conviction under indictment No. 64271 based on newly discovered evidence. The defendant failed to show, by a preponderance of the evidence *(see,* CPL 330.40 [2] [g]), *inter alia,* that the newly discovered evidence could not have been produced by the defense at the trial with due diligence *(see, People v Priori,* 164 NY 459; *People v Penoyer,* 135 AD2d 42, *affd* 72 NY2d 936, *on opn of Yesawich, J., at App Div; People v Rivera,* 108 AD2d 829). The only reason set forth as to why

the purported newly discovered witness could not have testified at the trial was that he did not come forward with the information until more than 11 months after the defendant's arrest and about 3 months after the trial. It appears, however, that the witness had known the defendant for over 10 years and was friendly with the sister and housemate of the defendant's girlfriend. We find that the motion papers did not allege sufficient facts to show that the evidence could not have been discovered with due diligence by the defense. It was, therefore, proper to deny the motion without a hearing *(see, People v Brown,* 79 AD2d 659, *affd* 56 NY2d 242; *People v Malave,* 104 AD2d 828).

We have considered the defendant's remaining contentions, including the propriety of the sentences under both indictments Nos. 64271 and 60966, and find them to be either without merit cr unpreserved for appellate review. Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.