■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DINO COPELAND, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Douglass, J.), dated November 9, 1990, which, after a hearing, granted the defendant's motion pursuant to CPL 330.30 (3) to set aside a jury verdict convicting him of robbery in the first degree (four counts), robbery in the second degree, assault in the first degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and grand larceny in the fourth degree (two counts), and ordered a new trial.

Ordered that the order is reversed, on the law, the motion to set aside the verdict is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for the imposition of sentence.

We agree with the People that the court improvidently exercised its discretion in granting the defendant's motion to set aside the verdict pursuant to CPL 330.30. In support of his motion to set aside the verdict, the defendant tendered alleged "newly discovered" evidence consisting of two witnesses whose potential testimony could have been produced at trial through the exercise of due diligence (see, CPL 330.30 [3]; *People v Fielder*, 154 AD2d 388, 389; *People v Zambrana*, 142 AD2d 744).

One of the witnesses whose testimony was offered in support of the motion—Stanley Brewer—had been a close friend of the defendant for 10 years. Brewer's potential testimony was known to the defense counsel prior to trial. Accordingly, Brewer cannot be described as a newly-discovered witness. Moreover, although Brewer left New York briefly during the course of the trial, the record establishes that the defense counsel did not act diligently in making further efforts to obtain his testimony. After Brewer's departure, the defense counsel requested an adjournment to the following morning, stating that he was in the process of securing the presence of a witness, apparently referring to Brewer. Brewer was not produced the next day when the trial reconvened, and no further reference was made to his possible appearance as a witness. Even though the defense counsel had no reason to believe that Brewer's absence would be prolonged, counsel made no application for an additional adjournment to obtain his presence. Under the circumstances, due diligence required that the defense counsel at least request a further adjournment in order to ascertain whether Brewer would be available to testify on the defendant's behalf. The record is barren of evidence that the defense counsel made any efforts during the trial to learn where Brewer was and when he would be available to testify (see, *People v Zambrana, supra; People v Barrero*, 137 AD2d 759; *People v Hughes*, 136 AD2d 916; *People v Penoyer*, 135 AD2d 42, *affd* 72 NY2d 936). Similarly, the potential testimony of the witness Trevor Barbour, against whom two felony indictments were pending at the time, was also discoverable by the exercise of due diligence, inasmuch as he and the defendant were familiar with each other from the neighborhood, had likely seen each other immediately prior to the commission of the crime at a nearby party, and had

spoken at the Brooklyn House of Detention, where they were both being held during the defendant's trial *(see, People v Fielder, supra; People v Penoyer, supra; People v Latella,* 112 AD2d 321).

Finally, the testimony of the witnesses offered by the defendant was not of such a character as to create the probability of a more favorable outcome, but rather, was "merely cumulative and served no other purpose than to bolster testimony previously discredited" *(People v Latella, supra,* at 323; *see, People v Zambrana, supra; People v Seneci,* 133 AD2d 432). Mangano, P. J., Thompson, Rosenblatt and Copertino, JJ., concur.