■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG MOSSOP, Appellant. [596 NYS2d 719] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered September 6, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court did not improvidently exercise its discretion in denying the defendant's motion for a new trial based upon newly discovered evidence. The defendant did not demonstrate by a fair preponderance of the evidence that the allegedly newly discovered evidence would probably change the result if a new trial were granted or that the evidence could not have been discovered before trial by the exercise of due diligence *(see,* CPL 330.30 [3]; *People v Salemi,* 309 NY 208, *cert denied* 350 US 950; *People v Mendez,* 147 AD2d 712). Furthermore, because the court was able to make its determination on the basis of the motion papers, it did not err in doing so without a hearing *(see,* CPL 330.40 [2] [c], [e] [ii]). Bracken, J. P., Balletta, Eiber and Santucci, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL NDIELI, Appellant. [596 NYS2d 718] —Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Demakos, J.), imposed June 24, 1991.

Ordered that the sentence is affirmed *(see, People v Kazepis,* 101 AD2d 816). Mangano, P. J., Sullivan, Rosenblatt, Miller and Copertino, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUGUSTINE OKEKE, Appellant. [596 NYS2d 718] —Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Queens County (Joy, J.), imposed July 10, 1991.

Ordered that the sentence is affirmed *(see, People v Kazepis,* 101 AD2d 816). Mangano, P. J., Bracken, Rosenblatt, Ritter and Pizzuto, JJ., concur.