■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JOHNSON, Appellant. [617 NYS2d 27] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered August 24, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Johnson,* 185 AD2 247; *People v Udzinski,* 146 AD2d 245). In any event, the defendant's contention is without merit. Viewing the evidence adduced at the trial in the light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620). Moreover, the jury's verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Prior to sentencing, the defendant moved pursuant to CPL 330.30 (3) to set aside the verdict upon the ground of newly discovered evidence. In support of the motion, the defendant presented an affidavit of his brother, wherein the brother stated that he had committed the crime of which the defendant was found guilty. We find that the trial court properly denied the defendant's motion. First, the affiant is the defendant's brother, the defendant and the affiant lived together, the affiant was present in the courtroom throughout the defendant's trial (except when the courtroom was sealed during the undercover officer's testimony), and there was communication between the defendant's trial attorney and the affiant. Most significantly, according to the affiant, immediately after the charged drug sale it occurred to him that the person to whom he had sold the drugs might have been a police officer, so the affiant left the location to avoid arrest and told the defendant to go downstairs with the affiant's jacket. Under

the circumstances, the defendant failed to show, by a preponderance of the evidence, that the evidence could not have been discovered before trial by the exercise of due diligence *(see,* CPL 330.40 [2] [g]; *People v Copeland,* 185 AD2d 280; *People v Johnson,* 133 AD2d 781; *People v Fielder,* 154 AD2d 388). Second, there are significant variances between the testimony of the undercover officer, who had ample opportunity to observe the defendant and whom the jury believed, and the statements of the defendant's brother as set forth in his affidavit. Thus we find that the defendant failed to show by a preponderence of the evidence that the affiant's testimony would probably change the result if a new trial were granted *(see,* CPL 330.40 [2] [g]; *People v Johnson, supra; People v Mossop,* 191 AD2d 715; *People v Bridget,* 73 AD2d 291). Furthermore, because the trial court was able to make its determination on the basis of the motion papers, it did not err in doing so without a hearing *(see,* CPL 330.40 [2] [c]; *People v Mossop, supra; People v Fielder, supra).*

The defendant contends that the prosecutor improperly vouched for the credibility of the People's witnesses. We find that the prosecutor's statements regarding the credibility of the police officers constituted a fair response to the defense counsel's characterization of the People's case *(see, People v Brown,* 187 AD2d 723; *People v Walston,* 196 AD2d 903).

The defendant's sentence was not excessive and should not be disturbed *(see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Miller, Ritter and Hart, JJ., concur.