■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD G. DAVENPORT, Appellant. [650 NYS2d 418] —Spain, J. Appeals (1) from a judgment of the County Court of Schoharie County (Lamont, J.), rendered February 15, 1995, upon a verdict convicting defendant of the crime of rape in the second degree, and (2) by permission, from an order of said court, entered May 18, 1995, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was indicted on October 12, 1994 for rape in the second degree for engaging in sexual intercourse with a 12-year-old female. The indictment alleged that the crime occurred "on or about October 1990". At the 1995 trial, the prosecution presented three witnesses: the victim, who was 16 years old at the time of trial; the victim's sister, who was 14 years old at the time of the trial; and the son of defendant's paramour, who was 14 years old at the time of the trial. The victim testified that in October 1990 defendant had sexual intercourse with her in the living room of the family home. Her recollection as to the date of the incident was buoyed by her belief that the incident occurred soon after a fire which damaged the family home. The other two children testified that, while peering through a second floor window, they were able to view the living room wherein they witnessed defendant, sans pants, laying on top of the victim. The victim's sister testified that the incident occurred before the fire; in contrast, the young man testified that it occurred after the fire.

The defense presented testimony from defendant and defendant's paramour. Defendant denied ever engaging in any inappropriate conduct involving his children. He further testified that the fire occurred in October 1991. Defendant's paramour testified that due to a broken ankle she was housebound in October 1990 and further, that the fire occurred in 1991. No further evidence was introduced by defendant. The jury found defendant guilty of rape in the second degree. Defendant then moved pursuant to CPL 330.30 to set aside the verdict; County Court denied the motion and sentenced defendant to an indeterminate term of imprisonment of $1^{1}/_{2}$ to $4^{1}/_{2}$ years. Thereafter, County Court denied defendant's motion pursuant to CPL 440.10 to vacate the judgment on the ground of newly discovered evidence. Defendant now appeals the judgment of conviction and the order denying his CPL 440.10 motion.

We affirm. Initially, we reject defendant's contention that the prosecution altered an element (i.e., the date of the alleged incident) of the crime during the trial, thereby denying him

proper notice of the crime charged. This contention is based specifically on the redirect examination of the victim's sister, wherein the prosecution told the witness to "forget about what year this happened. Do you recall how old you were when you saw that?" Taken in its proper context, this question merely appears to have been a technique used by the prosecution to seek the same answer but through a different form of question from a child witness who had some difficulty on cross-examination. Notably, the indictment alleges that the incident occurred "on or about October 1990", and the People's answer to the request for bill of particulars sets forth that the incident occurred "in October 1990, the exact date which is not known".

In our view, defendant was given adequate notice pursuant to the Sixth Amendment of the US Constitution and article I, § 6 of the NY Constitution (*see, People v Morris*, 61 NY2d 290, 294; *see also*, CPL 200.50 [6]). The verdict of guilty does not indicate that the jury convicted defendant of a crime not set forth in the indictment; rather, it indicates that the jury chose to believe the prosecution's witnesses regarding the date of the incident, to wit, on or about October 1990. Such issues of "credibility are to be determined by the trier of fact and should not be lightly overturned on appeal" (*People v Broadus*, 129 AD2d 997, *lv denied* 70 NY2d 643).

Next, defendant's contention that County Court committed reversible error by failing to instruct the jury that it must vote not guilty if it had a reasonable doubt regarding whether the alleged event took place in 1990 or 1991 has not been preserved for appellate review (*see, People v Contes*, 60 NY2d 620, 621; *see also*, CPL 470.05 [2]). In any event, upon review of the jury note to County Court which expresses concern about "uncertainty over the precise time period the alleged event occurred" and the responsive charge, given after seeking input from counsel, we find defendant's contention to be without merit. In the responsive charge County Court stated, in part: "if [a juror] feels that the events took place in '91 versus '90, and if that juror therefore has a reasonable doubt that the Defendant committed the crime of rape in the second degree in October of '90, then that juror must vote not guilty * * * Each juror must determine whether or not he or she is convinced beyond a reasonable doubt that the Defendant committed the crime of rape in the second degree on or about October of 1990." Viewed as a whole, the responsive charge appropriately instructed the jury on the applicable legal principles.

Further, contrary to defendant's assertions, we conclude that County Court properly denied defendant's CPL article 440

motion. It is well settled that " '[t]here is no form of proof so unreliable as recanting testimony' " (*People v Rodriguez*, 201 AD2d 683 [quoting *People v Shilitano*, 218 NY 161, 170], *lv denied* 83 NY2d 914). Here, the alleged recantations by the victim and the victim's sister, unsworn (*see*, CPL 440.30 [1]) and procured by defendant's sister, were found by County Court to be "inherently suspect" (*see*, *People v Shilitano*, *supra*, at 170). Moreover, the alleged recantations did not alter the testimony of the young man who was also an eyewitness. Because County Court was able to make its determination on the basis of the motion papers, it did not err in doing so without a hearing (*see*, *People v Mossop*, 191 AD2d 715, *lv denied* 81 NY2d 1017; *see also*, CPL 440.30 [4]). Under the circumstances, we find no reason to disturb County Court's determination.

Finally, upon review of the record, we reject defendant's contention of ineffective assistance of counsel. Defense counsel's failure to object at trial merely reflects defendant's disagreement with strategy and tactics and is not sufficient to meet defendant's burden (*see*, *People v Rivera*, 71 NY2d 705, 708-709). Furthermore, defendant's assertions that trial counsel erred by, *inter alia*, failing to introduce certain documentary evidence regarding the actual date of the fire and the broken ankle of defendant's paramour are conclusory and not supported by the record; defendant failed to produce any evidence that such documents actually exist.

We have reviewed defendant's remaining contentions, including the prosecutor's alleged misconduct at trial, and find them to be without merit.

Cardona, P. J., Mikoll, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed.