■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAM EDMONSON, Appellant. [751 NYS2d 280] —Appeals by the defendant (1) from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered July 11, 1990, convicting him of murder in the second degree (two counts), attempted murder in the second degree, enterprise corruption, and criminal possession of a weapon in the second degree (three counts), upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court (Douglass, J.), dated October 3, 2000, which denied, without a hearing, his motion pursuant to CPL 440.10 (1) and (3) to vacate the judgment of conviction.

Ordered that the judgment and the order are affirmed.

The defendant contends that his rights under the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution were violated when the People criminally prosecuted him after seizing his assets under New York's civil forfeiture law (*see* CPLR art 13-A). The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb" (US Const Amend V). The orders of attachment did not implicate the Double Jeopardy Clause, since they were not punitive in nature (*see Hudson v United States,* 522 US 93). The civil forfeiture action does not constitute criminal "punishment" within the meaning of the Double Jeopardy Clause (*District Attorney of Kings County v Iadarola,* 164 Misc 2d 204, 209, *affd sub nom. People v Iadarola* 222 AD2d 454, *cert denied* 517 US 1209; *see also Hynes v Iadarola,* 221 AD2d 131).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Breland,* 83 NY2d 286; *People v Amante,* 242 AD2d 275). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that he is entitled to a new trial based upon the conclusory recantation of one of the People's witnesses was properly denied without a hearing (*see People v Serrata,* 261 AD2d 490; *People v Johnson,* 208 AD2d 562; *People v Fielder,* 154 AD2d 388).

The defendant's remaining contentions, including those raised in his supplemental pro se brief and his attorney's supplemental submission, are either unpreserved for appellate review or without merit. Krausman, J.P., Goldstein, Townes and Rivera, JJ., concur.