■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIM WHITT, Appellant. [758 NYS2d 37] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered May 27, 1998, convicting defendant, after a jury trial, of conspiracy in the first degree, criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree (three counts), and criminal sale of a controlled substance in the third degree (two counts), and sentencing him to an aggregate term of 33⅓ years to life, unanimously affirmed.

Following an ex parte proceeding, the court properly imposed a "lockdown" order, restricting defendant from communicating with anyone but counsel. Upon our review of the entire record including the sealed transcript of the ex parte proceeding, we conclude that the imposition of the order was necessary to ensure the safety of witnesses and the orderly administration of justice, and that the extraordinary security concerns justified an ex parte proceeding (*see Alvarez v Snyder*, 264 AD2d 27 [2000], *lv denied* 95 NY2d 759 [2000], *cert denied sub nom. Diaz v Snyder*, 531 US 1158 [2001]). Accordingly, we find no constitutional violation. In any event, even if we were to find the lockdown order to be procedurally improper, we would find no basis for reversal, because the order, in and of itself, only affected the conditions of defendant's confinement (*see People ex rel. Chakwin v Warden*, 63 NY2d 120, 125 [1984]).

Defendant contends that the court improperly relied on the ex parte proceedings leading to the lockdown order when it ruled on the People's application to close the courtroom during the undercover officer's testimony. However, there was no violation of defendant's right of confrontation or right to due process, since the ex parte record was only used to supplement the testimony given by the undercover officer at the *Hinton* hearing under full cross-examination by defendant (*see People v Frost*, 289 AD2d 23 [2001], *lv granted* 97 NY2d 729 [2002]). The officer's testimony, independent of the ex parte record, provided an overwhelming basis for the court's closure order (*see Waller v Georgia*, 467 US 39, 48 [1984]).

Defendant's right to be present at a material stage of his trial was not violated by his absence from the colloquy where certain codefendants, whom defendant had expressed an interest in calling as witnesses, asserted their Fifth Amendment privileges (*see People v Morales*, 80 NY2d 450 [1992]). This legal proceeding did not involve testimony or concern issues about which defendant had special knowledge.

We perceive no basis for reducing the sentence.

By failing to object, by making general or vague objections, or by making objections on different grounds from those raised on appeal, defendant has failed to preserve any of his remaining claims and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Furthermore, the alleged errors, if any, did not affect the verdict or sentence. Concur—Buckley, P.J., Nardelli, Andrias, Friedman and Gonzalez, JJ.