■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL DEJESUS, Appellant. [821 NYS2d 551]—

Judgment, Supreme Court, New York County (Herbert I. Altman, J., at suppression hearing; Edward J. McLaughlin, J., at jury trial and sentence), rendered March 21, 2003, convicting defendant of murder in the second degree, and sentencing him to a term of 20 years to life, unanimously affirmed.

The court properly denied defendant's suppression motion. The hearing record establishes that defendant's statements made prior to *Miranda* warnings were not the product of custodial interrogation because a reasonable innocent person in defendant's position would not have thought he was in custody

(*see People v Yukl*, 25 NY2d 585 [1969], *cert denied* 400 US 851 [1970]). Defendant voluntarily accompanied his brother to the precinct, where the police kept defendant unhandcuffed in an open office at all times. Defendant's first statement to a detective was exculpatory and in response to investigative questions. Although defendant's second statement, where he admitted seeing his brother shoot the deceased, was preceded by an officer falsely telling him that he had been observed at the crime scene at the time of the shooting, this deception did not convert the setting into a custodial one (*see People v Spellman*, 168 AD2d 318, 319 [1990], *lv denied* 77 NY2d 1001 [1991]). Defendant's third statement was not custodial, since the police continued to question defendant as if he were a witness to the shooting rather than a suspect, and since defendant had not yet said anything that was so incriminating that a reasonable person would have assumed himself to be in custody (*see People v Maldonado*, 259 AD2d 356 [1999], *lv denied* 93 NY2d 1004 [1999]).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's accomplice liability was established by the evidence, including defendant's statement in which he admitted that despite knowing his brother was armed and was going to shoot the deceased, he acted as a lookout and alerted his brother when the victim arrived at the scene (*see e.g. People v Allah*, 71 NY2d 830 [1988]).

The court did not violate defendant's right to be present at a material stage of the trial when it excluded him from a proceeding where a potential witness confirmed that he would invoke his Fifth Amendment privilege and not testify. The proceeding concerned legal matters and dealt only with the rights of the witness (*see People v Whitt*, 304 AD2d 378, 379 [2003], *lv denied* 100 NY2d 589 [2003]).

The challenged portions of the court's charge regarding the element of intent did not create a mandatory presumption shifting the burden of proof (*see People v Fields*, 87 NY2d 821, 823 [1995]).

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ.