■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN JACKS, Appellant. [850 NYS2d 450]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered October 6, 2005, convicting defendant,

upon his plea of guilty, of robbery in the first degree (three counts) and burglary in the first degree, and sentencing him to concurrent terms of 23 years, unanimously affirmed.

Defendant knowingly, intelligently and voluntarily pleaded guilty and waived his right to appeal. During the pendency of the case, the court had imposed a "lockdown order" (see e.g. *People v Whitt*, 304 AD2d 378 [2003], *lv denied* 100 NY2d 589 [2003]; *Alvarez v Snyder*, 264 AD2d 27 [2000], *lv denied* 95 NY2d 759 [2000], *cert denied sub nom. Diaz v Snyder*, 531 US 1158 [2001]). Defendant, who unsuccessfully moved to withdraw his plea on the ground that it had been coerced by the conditions of his confinement, asserts on appeal that he was forced to plead guilty by alleged physical and mental distress caused by the lockdown order, by the court's order that he be brought to court by force if necessary, and by the court's alleged hostility and bias toward him. However, he has not shown any causal connection between any of these factors and his decision to plead guilty in the midst of the People's case rather than completing the trial in progress. Moreover, the court conducted a thorough plea allocution at which defendant acknowledged that the plea was the product of his free will. In addition, defendant's arguments are based primarily on factual assertions as to his medical condition that lack support in the record. "Defendant's valid waiver of his right to appeal forecloses review of his challenges to the court's suppression ruling, and to the procedures by which the court arrived at its determination." (*People v Worth*, 33 AD3d 427 [2006], *lv denied* 8 NY3d 851 [2007].) Concur—Andrias, J.P., Nardelli, Williams, McGuire and Acosta, JJ.