■ JANET DiFIORE, Respondent, v CHAUNCEY RAMOS, Appellant. [878 NYS2d 762]—

In a civil forfeiture action pursuant to CPLR article 13-A, the defendant appeals from an order of the Supreme Court, Westchester County (DiBella, J.), dated August 29, 2008, which granted the plaintiff's motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff demonstrated her prima facie entitlement to judgment as a matter of law in this action for civil forfeiture of the defendant's vehicle by establishing that the vehicle "contribute[d] directly and materially to the commission" of the underlying crimes of which he was convicted, and thus constituted an "instrumentality" of those crimes (CPLR 1310 [4]; see CPLR 1311 [1]; Dillon v Farrell, 230 AD2d 818 [1996]; Hynes v Iadarola, 221 AD2d 131 [1996]). Here, the defendant was convicted of one count of assault in the second degree and two counts of criminal possession of a weapon, a stun gun, in the third degree (see People v Ramos, 45 AD3d 702 [2007]). The plaintiff established by a preponderance of the evidence that the defendant possessed the stun gun in his vehicle when he attempted to flee the scene of the assault. In opposition, the defendant failed to raise a triable issue of fact. In fact, in his affidavit in opposition to the motion, the defendant admitted that he left the scene in his vehicle with the stun gun in his possession and discarded it thereafter.

Further, the defendant's arguments that civil forfeiture violates the proscription against double jeopardy, and that the trial justice who convicted the defendant after a nonjury criminal trial should have recused himself in the instant civil action, are not properly before this Court, and, in any event, are without merit (see People v Doyle, 15 AD3d 674, 675 [2005]; People v Edmonson, 300 AD2d 317 [2002]; Property Clerk of N.Y. City Police Dept. v Carter, 246 AD2d 400 [1998]; People v Jackson, 185 AD2d 363 [1992]).

Accordingly, the Supreme Court correctly granted the plaintiff's motion for summary judgment on the complaint. Spolzino, J.P., Santucci, Belen and Lott, JJ., concur.