■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHID RAHMAN, Appellant. [27 NYS3d 127]—

Judgment, Supreme Court, Bronx County, (Dominic R. Massaro, J.), rendered March 21, 2013, as amended March 10, 2014, convicting defendant, after a nonjury trial, of burglary in the second degree, attempted assault in the first degree (two counts) and criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 15 years; and order, same court and Justice, entered on or about July 24, 2014, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The admission of a witness's grand jury testimony under the hearsay exception for past recollection recorded, coupled with the witness's extensive invocation of his privilege against self-incrimination, violated defendant's right of confrontation. However, we find the error to be harmless (see People v Crimmins, 36 NY2d 230 [1975]).

Provided that a proper foundation is laid, grand jury testimony may be admitted as past recollection recorded, and its admission does not violate the Confrontation Clause where the witness testifies at trial and is subject to cross-examination (People v DiTommaso, 127 AD3d 11, 15 [1st Dept 2015], lv denied 25 NY3d 1162 [2015]), because "when the declarant ap-

pears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements" (*Crawford v Washington*, 541 US 36, 59 n 9 [2004]). However, this may not apply when a witness appears at trial but invokes the Fifth Amendment (*see People v Ryan*, 17 AD3d 1, 4 [3d Dept 2005]; *see also United States v Wilmore*, 381 F3d 868, 871-873 [9th Cir 2004]). Not every instance in which a witness invokes the privilege against self-incrimination will give rise to a Confrontation Clause violation; rather, "the Sixth Amendment is violated only when assertion of the privilege undermines the defendant's opportunity to test the truth of the witness' direct testimony" (*Bagby v Kuhlman*, 932 F2d 131, 135 [2d Cir 1991], *cert denied* 502 US 926 [1991]).

Here, the witness asserted his Fifth Amendment rights and refused to answer questions that had a direct bearing on testing the truth of his grand jury testimony. Thus, the witness's extensive assertion of his Fifth Amendment rights regarding the material facts "undermine[d] the process to such a degree that meaningful cross-examination within the intent of the [Confrontation Clause] no longer exist[ed]" (*United States v Owens*, 484 US 554, 562 [1988]; *see also Bagby*, 932 F2d at 135).

Nevertheless, the error was harmless under the standard for constitutional error. There was overwhelming direct and circumstantial evidence establishing all the elements of the crimes, and no reasonable possibility that the error contributed to the conviction.

The court did not violate defendant's right to be present at a material stage of the trial when it excluded him from an unrecorded proceeding (from which the prosecutor was apparently also excluded) at which the court discussed with the above-mentioned witness and his attorney the witness's invocation of his Fifth Amendment rights. The proceeding concerned legal matters and dealt only with the rights of the witness (*see People v DeJesus*, 32 AD3d 753, 754 [1st Dept 2006], *lv denied* 8 NY3d 879 [2007]), and did not "involve testimony or concern issues about which defendant had special knowledge" (*see People v Whitt*, 304 AD2d 378, 379 [1st Dept 2003], *lv denied* 100 NY2d 589 [2003]).

Defendant has not preserved his claim that his attorney's absence from this interview violated his right to counsel (*see People v Garay*, 25 NY3d 62, 67-68 [2015]), and we decline to review it in the interest of justice. As an alternative holding, we find that the discussion of the witness's right to invoke his Fifth Amendment privilege did not affect a substantial right of

defendant, but only affected the witness's rights, and thus did not require defense counsel's presence. Unlike the situation in *People v Carr* (25 NY3d 105, 113 [2015]), there is no reason to believe that anything that transpired at the interview could have had any impeachment value. In any event, given the witness's assertion of his privilege, as discussed previously, any impeachment would have been impracticable.

Defendant's challenge to the validity of his waiver of the right to a jury trial, made in writing in open court in accordance with law, is unpreserved, as well as being unreviewable for lack of a sufficient record, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. There is no evidence that the court promised a limited scope of sentencing in return for a jury waiver, that counsel made any such representation to defendant, or that defendant relied on any such promise in waiving his right to a jury trial.

Defendant received effective assistance of counsel at sentencing. We perceive no basis for reducing the sentence, or running it concurrently with defendant's Kings County sentence. Concur—Tom, J.P., Andrias, Saxe and Kapnick, JJ.