■ In the Matter of GUY DECHIMAY, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent. [56 NYS3d 483]—Appeal from a judgment of the Supreme Court (Hartman, J.), entered August 19, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying his application for merit termination of his sentence.

In 2011, petitioner was convicted of scheme to defraud in the first degree and other crimes, sentenced to an aggregate prison term of 3 to 9 years and ordered to pay in excess of $7 million in restitution. The convictions stem from his conduct as a hedge fund manager in operating a Ponzi scheme that defrauded investors. He was released to parole supervision on December 7, 2012 and, in 2013 and 2014, unsuccessfully applied to respondent for merit termination of his sentence pursuant to Correction Law § 205, seeking to terminate his parole supervision. In 2015, he again applied for merit termination, which respondent denied by decision dated December 8, 2015, which deferred consideration for 12 months. Petitioner also separately applied to the Board of Parole for early discharge of his sentence pursuant to Executive Law § 259-j, which was denied by decision dated December 16, 2015. Petitioner commenced this CPLR article 78 proceeding challenging only the denial of merit termination. Respondent answered and, as the Attorney General now concedes, improperly conflated the two distinct parole termination decisions. As a result, Supreme Court thereafter treated the petition as a challenge to the Board's December 16, 2015 denial of early discharge under Executive Law § 259-j, denied the relief requested in the petition and dismissed the petition on the merits. Petitioner now appeals.

The Attorney General has advised the Court that, subsequent

to Supreme Court's decision, respondent again considered and denied petitioner's application for merit termination of his sentence pursuant to Correction Law § 205, by decision dated November 16, 2016. Respondent's more recent denial of merit termination in November 2016 rendered moot his challenge to the earlier, December 8, 2015 decision denying merit termination (see *Matter of Lopez v Stanford*, 144 AD3d 1307, 1307 [2016]; *Matter of Chaney v Stanford*, 137 AD3d 1396, 1396 [2016]). The fact that Supreme Court misconstrued the petition is irrelevant to this analysis, as the challenged 2015 decision has been superceded by the 2016 decision, which petitioner is entitled to challenge. Petitioner does not argue that the exception to the mootness doctrine applies, and we do not find that there is a basis upon which to invoke the exception (see *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]; *Matter of Ernest V. v State of New York*, 150 AD3d 1434, 1436 [2017]; *Matter of Hynes v Stanford*, 148 AD3d 1383, 1383 [2017]).

McCarthy, J.P., Lynch, Devine, Mulvey and Pritzker, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.