Matter of Edmonson v Annucci (2021 NY Slip Op 06122)





Matter of Edmonson v Annucci


2021 NY Slip Op 06122


Decided on November 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 10, 2021

531563
[*1]In the Matter of Samuel Edmonson, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:October 8, 2021

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Samuel Edmonson, Dannemora, appellant pro se.
Letitia James, Attorney General, Albany (Allyson B. Levine of counsel), for respondents.



Appeal from a judgment of the Supreme Court (Koweek, J.), entered July 10, 2020 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Director of Ministerial, Family and Volunteer Services denying petitioner's request to participate in the family reunion program.
Petitioner is serving an aggregate prison sentence of 75 years to life upon his 1990 convictions for murder in the second degree, attempted murder in the second degree, enterprise corruption and a weapon offense (People v Edmonson, 300 AD2d 317 [2002], lv denied 99 NY2d 614 [2003]). Those crimes were committed between 1987 and 1989 while petitioner was on parole for a burglary and a sex offense. In 2019, petitioner applied to participate in the family reunion program (hereinafter FRP) with his spouse, whom he married in 2017. Petitioner's application was subject to special review and was forwarded to the Central Office (see 7 NYCRR 220.4 [c] [1]), which denied the application based upon his criminal history and extensive disciplinary record. Upon administrative appeal, after further special review, respondent Acting Director of Ministerial, Family and Volunteer Services (hereinafter the Director) denied the application. The Director acknowledged that petitioner had completed therapeutic programming and previously participated in the FRP with a former wife, but upheld the denial of his application based upon, among other factors, the serious nature of his crimes and his poor disciplinary record, which included guilty findings in 21 tier III offenses and nine tier II offenses. Petitioner commenced this CPLR article 78 proceeding challenging the denial of his application. Supreme Court dismissed the petition, finding that there was a rational basis for the denial of the application, and petitioner appeals.[FN1]
We affirm. "Participation in the [FRP] is a privilege and not a right, and the decision whether an inmate may participate is heavily discretionary and, as such, will be upheld if it has a rational basis" (Matter of Stevenson v Smith, 175 AD3d 1680, 1681 [2019] [internal quotation marks, brackets and citations omitted], appeal dismissed and lv denied 34 NY3d 1198 [2020]). Moreover, "prior participation in the [FRP] does not guarantee that a future application will be approved . . . as each application is subjected to a new discretionary review" (Matter of Marshall v New York State Dept. of Corr. & Community Supervision, 167 AD3d 1115, 1116 [2018] [internal quotation marks and citations omitted], lv denied 33 NY3d 901 [2019]).
In denying petitioner's application, the Director conducted a special review in accordance with the governing regulations and the FRP directive, and properly considered the seriousness of petitioner's crimes, noting that he "ran an illegal narcotics enterprise that used violence and murder to maintain the sale of crack-cocaine" (see 7 NYCRR 220.4 [c] [1]; Dept of [*2]Corr & Community Supervision Directive No. 4500 [IV] [c]; Matter of Loucks v Annucci, 175 AD3d 775, 776-777 [2019]; Matter of Gordon v Morris, 144 AD3d 1338, 1339 [2016], lv denied 28 NY3d 914 [2017]). In addition, the Director rightfully considered petitioner's significant and poor disciplinary record, which included assaults on staff and an incarcerated individual, weapon possession, lewd conduct, drug use and possession, fighting and violent conduct, and rationally concluded that such behaviors put at risk the safety of other incarcerated individuals, staff and visitors (see 7 NYCRR 220.4 [a] [2]). Contrary to petitioner's argument, the recency of his marriage, 27 years into his prison term, was properly taken into account, "as it did not further the program goal of preserving, enhancing and strengthening family ties that have been disrupted due to incarceration" (Matter of Gordon v Morris, 144 AD3d at 1339, citing Dept of Corr & Community Supervision Directive No. 4500 § I; see 7 NYCRR 220.1; Matter of Campbell v Morris, 139 AD3d 1278, 1279 [2016]).
Accordingly, reliance on petitioner's violent criminal history and extensive disciplinary history, among other factors, provides a rational basis to deny his application (see Matter of Shapard v Annucci, 177 AD3d 1048, 1051 [2019]; Matter of Stevenson v Smith, 175 AD3d at 1681). We likewise discern nothing unreasonable or impermissible in the condition that he remain free of disciplinary infractions for two years before reapplying, to demonstrate "a pattern of institutional adjustment" (7 NYCRR 220.4 [a] [2]).[FN2] We have considered petitioner's remaining contentions, to the extent that they are preserved for our review, and find that none has merit.
Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Although the Director's decision permitted petitioner to reapply to the FRP after May 13, 2021, the Attorney General has advised that petitioner has not applied.

Footnote 2: We note that, subsequent to the determination here, a rule was adopted providing that, where incarcerated individuals are denied participation in the FRP, they may not reapply "for a minimum period of two years" (7 NYCRR 220.2 [eff. Aug. 4, 2021]).