Matter of Bowens v Fernandez (2023 NY Slip Op 01720)

Matter of Bowens v Fernandez

2023 NY Slip Op 01720

Decided on March 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 30, 2023

535330
[*1]In the Matter of Jerry Bowens, Appellant,
v
Nancy K. Fernandez, as Director of Ministerial, Family and Volunteer Services, Respondent.

Calendar Date:February 10, 2023

Before:Egan Jr., J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

Jerry Bowens, Dannemora, appellant pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Richard Mott, J.), entered March 16, 2022 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request to participate in the family reunion program.
Petitioner is serving an aggregate prison term of 37 years to life upon his convictions of murder in the second degree and attempted murder in the second degree as a result of him shooting his former paramour and her friend, in addition to other crimes that he committed while working as an undercover police officer. In January 2021, petitioner applied to participate in the family reunion program (hereinafter FRP) in order to visit with his two adult children and two of his siblings. Petitioner's application, which was subject to special review due to the nature of his crimes (see 7 NYCRR 220.4 [c] [1] [iii], [vii]; NY St Dept of Corr & Community Supervision Directive No. 4500 § IV [C] [3], [7]), was denied based upon safety concerns related to his criminal history and the requested visitors' respective lack of consistent and recent patterns of visitation. Upon administrative appeal, the denial was upheld, prompting petitioner to commence this CPLR article 78 proceeding to challenge that determination. Supreme Court dismissed the petition, finding that there was a rational basis for the denial of the application. Petitioner appeals.
We affirm. "Participation in the FRP is a privilege and not a right, and the decision whether an inmate may participate is heavily discretionary and, as such, will be upheld if it has a rational basis" (Matter of Edmonson v Annucci, 199 AD3d 1137, 1138 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; see Matter of Rodriguez v Smith-Roberts, 188 AD3d 1539, 1539 [3d Dept 2020]). In applying for participation in the FRP, petitioner was required to identify qualifying family members who had an established "recent and consistent visiting pattern," defined as "three visits, not including family reunion visits, within the . . . 12 months" preceding his application (7 NYCRR 220.5 [a]; see NY St Dept of Corr & Community Supervision Directive No. 4500 § V [A], [B]). The record reflects that none of the individuals identified by petitioner in his application had visited him since 2019 and, even prior to the COVID-19 pandemic, none had engaged in a consistent pattern of visitation. In view of the foregoing, and in light of the egregious nature of petitioner's crimes, his history of domestic violence and the legitimate safety concerns raised by such history, we find that the denial of petitioner's application had a rational basis (see 7 NYCRR 220.4 [c] [1] [iii], [vii]; Matter of Loucks v Annucci, 175 AD3d 775, 776-777 [3d Dept 2019]; Matter of Marshall v New York State Dept. of Corr. & Community Supervision, 167 AD3d 1115, 1116-1117 [3d Dept 2018], lv denied 33 NY3d 901 [2019]; Matter of Rodriguez v Annucci[*2], 129 AD3d 1417, 1418 [3d Dept 2015]). Accordingly, Supreme Court properly dismissed the petition. Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Aarons, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, without costs.