Matter of Rahman v Galioto (2024 NY Slip Op 05172)

Matter of Rahman v Galioto

2024 NY Slip Op 05172

Decided on October 17, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 17, 2024

CV-23-1762
[*1]In the Matter of Rashid Rahman, Appellant,
v
Megan M. Galioto, as Acting Director of Ministerial, Family and Volunteer Services, et al., Respondents.

Calendar Date:August 30, 2024

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, McShan and Powers, JJ.

Rashid Rahman, Wallkill, appellant pro se.
Letitia James, Attorney General, Albany (Douglas E. Wagner of counsel), for respondents.

Aarons, J.
Appeal from a judgment of the Supreme Court (David M. Gandin, J.), entered June 23, 2023 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Acting Director of Ministerial, Family and Volunteer Services denying petitioner's request to participate in the family reunion program.
Petitioner, a returned parole violator, currently is serving a period of incarceration following his conviction of various crimes (Matter of Rahman v Annucci, 219 AD3d 1040 [3d Dept 2023]; People v Rahman, 137 AD3d 523 [1st Dept 2016], lv denied 28 NY3d 935 [2016]; People v Rahman, 119 AD3d 820 [2d Dept 2014], lv denied 24 NY3d 1046 [2014]). In March 2022, petitioner applied for participation in the family reunion program (hereinafter FRP). The application, which was subject to special review (see 7 NYCRR 220.4 [c] [1]), was denied based upon his disciplinary history. Upon petitioner's administrative appeal, respondent Acting Director of Ministerial, Family and Volunteer Services (hereinafter the Director) upheld the denial — citing petitioner's institutional record and the operational needs of the facility.
Petitioner then commenced this CPLR article 78 proceeding to challenge the Director's determination and, in conjunction therewith, sought discovery under CPLR 408 to obtain certain records of all FRP participants since 2019. By judgment entered June 23, 2023, Supreme Court dismissed the petition, finding that there was a rational basis for the denial of petitioner's FRP application. That judgment was served on petitioner with notice of entry on June 29, 2023. Petitioner then moved in Supreme Court for permission to appeal to this Court.[FN1] By order entered August 16, 2023, Supreme Court denied petitioner's motion, which the court interpreted as one to reargue and/or renew, noting that petitioner was not required to seek leave to appeal to this Court. This appeal ensued.[FN2]
Preliminarily, and contrary to respondents' view, petitioner's July 16, 2024 reapplication for the FRP does not render this appeal moot. Although certain of our decisions imply that submission of a subsequent FRP application alone will moot an appeal from the denial of a prior application (see Matter of Caldwell v Smith-Roberts, 194 AD3d 1215, 1216 [3d Dept 2021]; Matter of Shapard v Annucci, 177 AD3d 1048, 1050 [3d Dept 2019]), the appeal is not moot until administrative review of the subsequent application is complete (see Matter of Caldwell v Smith-Roberts, 194 AD3d at 1216 [subsequent application denied]; Matter of Shapard v Annucci, 177 AD3d at 1050 [same]; Matter of Fragosa v Morris, 156 AD3d 1072, 1072 [3d Dept 2017] [same]; see also Matter of DeChimay v New York State Dept. of Corr. & Community Supervision, 152 AD3d 1128, 1129 [3d Dept 2017]; see generally CPLR 7801 [1]).
Turning to the merits, although the Director took into account petitioner's two cycles of incident-free participation in the FRP between [*2]December 2019 and January 2020, "prior participation in the FRP does not guarantee that a future application will be approved as each application is subjected to a new discretionary review" (Matter of Edmonson v Annucci, 199 AD3d 1137, 1138 [3d Dept 2021] [internal quotation marks, brackets, ellipsis and citations omitted]). "Participation in the FRP is not a right, but a privilege, and the decision about whether an [incarcerated individual] may participate is heavily discretionary and will be upheld if it has a rational basis" (Matter of Scott v Richey, 141 AD3d 1058, 1058 [3d Dept 2016] [internal quotation marks, brackets and citations omitted]).
Petitioner contends that the Director's decision denying his application fails this test because his disciplinary history meets the eligibility requirements for participation in the FRP (see 7 NYCRR 220.4 [a]). As relevant here, those "preconditions" prohibit participation in the FRP by an incarcerated individual who has accrued "three or more [t]ier II or III disciplinary dispositions in the 180 days prior to the application" (7 NYCRR 220.4 [a] [2] [ii]). Respondents concede — and the Director's denial acknowledges — that petitioner had only one tier II infraction in the lookback period, which was for a "Direct Order, Obstruct Visibility" violation in December 2021. Accordingly, there is no dispute that respondent's disciplinary record meets the minimum standards for participation in the FRP. Still, the Director listed five additional tier II violations between October 2020 and September 2021, including one for fighting and another for creating a disturbance. The Director further observed that petitioner's full disciplinary history included four tier III violations and nine tier II violations.[FN3] Reliance on that history provides a rational basis to deny petitioner's application (see Matter of Edmonson v Annucci, 199 AD3d at 1139; Matter of Shapard v Annucci, 177 AD3d at 1050-1051). In light of that conclusion, petitioner's constitutional arguments alleging discrimination are unavailing (see Matter of Doe v Coughlin, 71 NY2d 48, 57, 61 [1987], cert denied 488 US 879 [1988]; Matter of Campbell v Morris, 139 AD3d 1278, 1279 [3d Dept 2016]; Matter of Muggelberg v Annucci, 131 AD3d 1312, 1313 [3d Dept 2015]).
Garry, P.J., Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Although petitioner filed his notice of appeal from the June 2023 judgment on August 21, 2023 — well past the 30-day time period allotted to take an appeal from that judgment — the August 16, 2023 order was served on petitioner with notice of entry on August 24, 2023. We construe the August 16, 2023 order as one denying petitioner's unnecessary application for leave to appeal, accept petitioner's August 21, 2023 notice of appeal as timely and deem that notice valid despite being filed before the new 30-day period began to run on August 24, 2023 (see CPLR 5514 [a]; 5520 [b], [c]; Matter of Park E. Corp. v Whalen, 38 NY2d 559, 560 [1976]; Sawma v Bane, 197 AD2d 938, 938 [4th Dept 1993], appeal dismissed 82 NY2d 882 [1993]).
Footnote 2: To the extent petitioner seeks disclosure pursuant to CPLR 408, such argument is academic by virtue of this Court's December 2023 order denying a similar motion.

Footnote 3: Contrary to petitioner's reading, the Director's decision is consistent with the rationale stated in the facility-level denial.